UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Otto Roller, and
Carlyn Roller,

    Plaintiffs,

v.                                                                                Case No.: 10-13847

Litton Loan Servicing, et al.,                                 Honorable Sean F. Cox

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiffs Otto Roller and Carlyn Roller ("Plaintiffs"), proceeding *pro se*, brought this action against their mortgage loan servicers and lenders, Defendants Litton Loan Servicing ("Litton"), New Century Mortgage ("New Century"), and Deutsche Bank Trust ("Deutsche"), alleging violations of RESPA and a number of state law claims. The matter is currently before the Court on Defendants Litton and Deutsche's motion to dismiss, pursuant to FED. R. CIV. P. 12(c) and (b)(6). Plaintiffs have failed to respond to Defendants' motion to dismiss, and instead, have filed a motion for leave to file an amended complaint. The Court heard oral argument on both motions on June 9, 2011. For the following reasons, the Court GRANTS Defendants' motion to dismiss and DENIES Plaintiffs' motion for leave to file an amended complaint.

BACKGROUND

The following facts are gleaned from Defendants' motion to dismiss, Plaintiffs'

1

complaint, and Plaintiffs' proposed second amended complaint.[1]

On May 17, 2004, Plaintiffs, husband and wife, allege that they met with Kenya Grimes-Bussey,[2] a mortgage broker, to discuss refinancing their home located at 19481 Avon Avenue, Detroit, Michigan 48219 ("the property"). (Prop. Complaint #2 at ¶ 6, Doc. No. 23). According to Defendants, Plaintiffs executed a mortgage and promissory note with New Century that same day. (Def. Br. at 1, Doc. No. 11). The loan was in the amount of $101,700.00. *Id*. On November 15, 2007, Plaintiffs entered into a loan modification agreement. On November 1, 2004, New Century assigned the servicing rights of Plaintiffs' loan to Litton, which is the current servicer of Plaintiffs' loan. *Id*. at 2.

Plaintiffs allege that on January 4, 2010, they sent Litton a RESPA qualified written request ("QWR") for documents concerning their loan. (Prop. Complaint at ¶ 8; Def. Br. at 2, Ex. D). On February 5, 2010, Litton responded to Plaintiffs' request and provided Plaintiffs with multiple documents related to their loan servicing. (Prop. Complaint at ¶ 9; Def. Br. at 2, Ex. F). Plaintiffs sent another RESPA QWR to Litton on February 17, 2010 and on April 6, 2010, Litton again responded to Plaintiffs with another correspondence. (Prop. Complaint at ¶ 10; Def. Br. at 2, Ex. I).

Plaintiffs filed their original "Complaint to Quiet Title" on September 27, 2010, claiming that they never entered into a mortgage agreement in 2004 and that many of the loan documents

---

[1] On March 21, 2011, Plaintiffs filed a Motion for Leave to File First Amended Complaint (Doc. No. 19). On April 25, 2011, Plaintiffs also filed a Motion for Leave to File Correction to First Amended Complaint (Doc. No. 23). The Court has construed Plaintiffs' April 25, 2011 motion as a motion for leave to file a second amended complaint.

[2] Kenya Grimes-Bussey is not a defendant in this lawsuit. Plaintiffs do not allege whether Grimes-Bussey was an employee or agent for New Century.

2

provided by Litton in response to Plaintiffs' QWRs have been forged. Plaintiffs allege that they only signed four documents at the "closing" of their mortgage loan. (Complaint at ¶ 7). Defendants filed a Motion for Judgment on the Pleadings on February 15, 2011. (Def. Mtn., Doc. No. 11). Rather than file a response to the motion, Plaintiffs filed a motion for leave to file a first amended complaint on March 21, 2011. Defendants responded to Plaintiff's motion for leave to amend on April 7, 2011 (Amend. Resp., Doc. No. 20). On April 25, 2011, Plaintiffs filed a reply brief to Defendants' response and also filed their second motion for leave to amend their complaint. Defendants filed a response to Plaintiffs' second motion for leave to amend as well. (Amend Resp. #2, Doc. No. 26).

Because Plaintiffs have filed a second motion for leave to amend their complaint before the Court has had an opportunity to decide Plaintiffs' first motion for leave to amend, the Court has proceeded on the assumption that Plaintiffs' second proposed amended complaint is the complaint on which they seek to move forward.

STANDARD OF REVIEW

Defendants bring their motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiffs original complaint alleges the following counts: "Allegations Concerning The Authenticity of the Note and Signature" (Count I), "Allegations of Breach of Contract Under RESPA Against Litton" (Count II), "Lack of Mutuality" (Count III), "Breach of UCC § 1-203" (Count IV), "Detrimental Reliance" (Count V), "Violation of M.C.L. § 750.251" (Count VI), "Violation of M.C.L. § 750.252" (Count VII), and "UCC 3-308. Proof of Signatures" (Count VIII).

**I.     The Documents At Issue May Be Introduced By Defendants As Part Of The Pleadings.**

As discussed above, Plaintiffs allege a number of claims related to their mortgage loan, note, loan modification, correspondences with Litton, and other documents provided by Litton in response to Plaintiffs' RESPA QWRs. Defendants have attached copies of all of these relevant documents to their motion to dismiss.

As Defendants state in their motion, the Sixth Circuit has held:

> [A] document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. . . This occurs when 'a document is referred to in the complaint and is central to the plaintiff's claim....' In such event, 'the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.

*Greenberg v. Life Ins. Co. Of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted).

"Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner, D.P.M., v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Because the mortgage, note, modification agreement, Plaintiffs' QWR, and Litton's responses to the QWR are central to Plaintiffs' claims and are referenced in Plaintiffs' complaint, they may be treated as part of Plaintiffs' pleadings for the purposes of this motion to dismiss even though it was Defendants who submitted these documents as exhibits.

### III.    Plaintiffs' RESPA Claim

Plaintiffs' Count II is titled "Allegations of Breach of Contract Under RESPA Against Litton." Plaintiffs allege that Litton violated RESPA by responding to Plaintffs' QWR with forged documents and by failing to adequately "provide answer to the inquiries of plaintiff via the QWR requests." (Complaint at ¶ 24).

Defendants allege that Plaintiffs' RESPA claim fails because Plaintiffs' correspondence did not qualify as a proper "qualified written request" under RESPA, and even if they did, Litton's responses to the correspondence were not in violation of RESPA. Additionally, Defendants contend that Plaintiffs' RESPA claim fails because they do not allege any actual damages as a result of Litton's alleged RESPA violations.

QWRs under RESPA are governed by 12 U.S.C. § 2605(e), which is titled "Duty of loan servicer to respond to borrower inquiries," and provides:

> (1) Notice of receipt of inquiry
>
> (A) In general
>
> If any servicer of a federally related mortgage loan receives a

qualified written request from the borrower (or an agent of the borrower) for *information relating to the servicing of such loan*, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

(B) Qualified written request

For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2) Action with respect to inquiry

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) to the extent applicable, *a statement of the reasons for which the servicer believes the account of the*

6

>> *borrower is correct as determined by the servicer*; and

>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

>> (i) information requested by the borrower *or an explanation of why the information requested is unavailable or cannot be obtained by the servicer*; and

>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e) (emphasis added).

    **A.**    **Plaintiffs' Correspondence Qualify As Proper Qualified Written Requests.**

In this case, Plaintiffs sent two separate QWRs to Litton. Both QWRs are, at least partially, proper QWRs under RESPA. Plaintiffs' first QWR (QWR #1) is dated January 4, 2010. QWR #1, which consists of 18 pages of requests, appears to be a "form" RESPA QWR. *See e.g. Langley v. Chase Home Finance*, LLC, 2011 WL 1150772 (W.D. Mich. 2011) (in which plaintiff's QWR is almost identical to the QWR in the instant case, including the same series of almost 190 questions to be answered by the servicer). QWR #1 includes the name and account of the borrower, a very general statement of the reasons for the belief that Plaintiffs' account is in error, and provides sufficient detail to Litton regarding other information sought by Plaintiff, as required by 12 U.S.C. § 2605(e)(1)(B). Plaintiffs' QWR #1 states that Plaintiffs are concerned because Litton has "been accused of engaging in one or more predatory servicing or lending and

services schemes" and that such abuses are negatively affecting Plaintiffs' credit score and mortgage debts. Plaintiffs' requests in QWR #1 not only pertain to the servicing of Plaintiffs' mortgage loan, but also question the ownership of the mortgage and note. (Gov. Br., Ex. D).

Plaintiffs' second QWR (QWR #2), dated February 17, 2010, also lists Plaintiffs' name, account number, and a detailed request regarding other information sought by Plaintiff. Thus, in construing Plaintiffs' pleadings in a light most favorable to the Plaintiff, as well as considering Plaintiffs' *pro se* status, Plaintiffs' QWRs are proper qualified written requests under RESPA.

**B.     Litton's Responses To Plaintiffs' QWRs Were Adequate.**

The core of Plaintiffs' RESPA claim in their original complaint is that Defendants have "not forwarded the requested information in Plaintiffs' QWR as mandated by the Act, and has failed to answer plaintiffs' questions and concerns." (Complaint at ¶ 23). Under § 2605, a servicer is required to respond to information requests relating to the servicing of a borrower's loan. 12 U.S.C. § 2605(e)(1)(A). RESPA defines "loan servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principle and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Plaintiffs, however, have not alleged how Litton failed to provide an adequate response to Plaintiffs' QWRs. In order to state a claim for relief under § 2605(e), Plaintiffs must allege more than conclusory statements that Litton failed to provide the information requested. *See Thomas v. Trott & Trott PC*, 2011 WL 576666 at *8 (E.D. Mich. 2011) (Zatkoff, J.); *Mekani v. Homecomings Financial*, LLC 752 F.Supp. 2d 785, 795 (Borman, J.); *Langley v. Chase Home Finance, LLC*, 2011 WL 1150772 (W.D. Mich. 2011). Plaintiffs have not alleged in any detail

8

how the responses by Litton are insufficient, and as such, have failed to state a claim under § 2605(e).  At a minimum, Plaintiffs have not pleaded the facts necessary, as required by *Twombly*, to plausibly suggest that Litton failed to adequately respond to Plaintiffs' QWRs.

Furthermore, even in treating all well-pleaded allegations in the complaint as true, Litton has fully complied with § 2605(e).  Litton timely responded to both of Plaintiffs' QWRs and provided a summary of Plaintiffs' loan, a statement that Litton believes the account of the borrower is correct, the name and telephone number of a department that can provide assistance to Plaintiffs, numerous documents and records related to the servicing of Plaintiffs' loan, documents beyond the scope of Litton's servicing of Plaintiffs' loan, an explanation of why much the information requested is unavailable or cannot be obtained by the servicer, and a statement that Litton could not pinpoint any particular error because Plaintiffs failed to identify a specific issue.  (Def. Mtn., Exs. F, I).  Litton included the following documents in response to Plaintiffs QWRs: Payoff Statement, Payment History, Truth in Lending Act disclosure, HUD-1 Settlement Statement, Detail Transaction History, Good Faith Estimate, Notice of Right to Cancel, Modification Agreement, Title Policy, Adjustable Rate Note, Deed of Trust, foreclosure-related correspondence, disclosures, Composite Report, Appraisal Report, and Litton Welcome Letter.

From these exhibits, which can be viewed as part of the pleadings, Litton appears to have fully complied with Plaintiffs' RESPA request.  Therefore, in viewing the pleadings in a light most favorable to Plaintiffs, Litton satisfied the requirements of § 2605(2) of RESPA.  Plaintiffs, in turn, have failed to state a claim of relief under § 2605 of RESPA.  Accordingly, the Court shall grant Defendants' motion to dismiss Count II of Plaintiffs' complaint.

**III.     Plaintiffs' Complaint Is Contradictory And Plaintiffs' Contractual Allegations Fail To State A Claim Upon Which Relief Can Be Granted.**

The remainder of Plaintiffs' claims are based upon the allegation that Plaintiffs never entered into a mortgage agreement in 2004, and that the mortgage documents relied upon by Defendants are forged documents. Plaintiffs' complaint (and second amended complaint), however, alleges materially contradictory facts that cause all Plaintiffs' other claims to fail on the pleadings.

Plaintiffs allege they that they never signed the mortgage documents produced by Litton and only signed 4 documents at their "closing" in 2004. (Complaint at ¶ 7). Plainitffs claim that the mortgage and note have been forged. Id. at ¶ 17. These allegations, however, are contrary to the documents incorporated into the pleadings. Defendants have submitted a copy of the disputed mortgage and note, containing the signatures of both Plaintiffs, witnessed and signed by a notary public. (Gov. Mtn. Ex. B). After this "closing" in 2004, Plaintiffs proceeded to pay the mortgage note for three years. Plaintiffs fail to explain why they paid loan payments on a new mortgage for three years if they never entered into said mortgage.

Furthermore, Plaintiffs admit that they entered into a loan modification agreement in November of 2007. (Complaint at ¶ 8). As discussed by Defendants in their motion, Plaintiffs loan modification "expressly references and affirms the validity of the mortgage loan transaction originated in 2004." (Gov. Mtn. at 7). The loan modification states, "Lender... amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the 'Security Instrument'), and Timely Payment Rewards Rider, if any, dated May 17, 2004." *Id*. at Ex. C, p. 1. Plaintiffs again fail to explain how they were able to modify a mortgage agreement to which they allegedly never

executed.

Because Plaintiffs have not responded to Defendants' motion to dismiss, they have not refuted any of the contentions set forth by Defendants in their motion to dismiss. As a result of these contradictory allegations, Plaintiffs have no "reasonably founded hope" of making their case.³ *Twombly*, 550 U.S. at 555. Accepting all Plaintiffs' allegations as true, Plaintiffs have failed to "state a claim to relief that is plausible on its face." *Id*. at 570. The court need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Accordingly, the Court grants Defendants' motion to dismiss as to the remainder of Plaintiffs claims.

### III.  Plaintiffs' Second Amended Complaint Is Futile.

Plaintiffs filed their second motion to amend their complaint on April 25, 2011, more than two months after Defendants filed their motion to dismiss. Plaintiffs' second amended complaint includes some additional facts and alleges the following the claims: "Fraudulent Concealment and/or Fraudulent Misrepresentation" (Count I); "Negligent Misrepresentation" (Count II); "Intentional Infliction of Emotional Distress" (Count III); "Fraud" (Count VI); "RESPA Violations" (Count V); and "Civil Conspiracy" (Count VI).

A party may amend its pleadings once as a matter of course within 21 days after service of a Rule 12(b) motion. FED. R. CIV. P. 15(a)(1)**.** Leave to amend is to be freely given when

---

³ Additionally, Plaintiffs' Counts VI and VII, "Violation of M.C.L. § 750.251" and "Violation of M.C.L. § 750.252," respectively, fail to state claims because they allege violations of criminal statutes that do not provide for a private right of action. In the remainder of Plaintiffs claims, Plaintiffs either recite elements of law or make conclusory statements of liability. As such, Plaintiffs' have failed to allege the facts necessary to meet the basic pleading requirements of *Iqbal* and *Twombly*, and can be dismissed on these alternative grounds as well.

justice so requires. FED. R. CIV. P. 15(a)(2). However, a district court may deny leave to amend a complaint if the Court finds that the amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The Court should consider motions to dismiss in light of proposed amendments to the complaint and determine whether the deficiencies in the complaint would have been cured by the proposed amendments. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

In this case, Plaintiffs' second proposed amended complaint does not the cure the deficiencies in Plaintiffs' original complaint. Plaintiffs RESPA claim (Count V) is almost identical to the Plaintiffs' original RESPA claim and fails for the same reasons stated in Part II, above. Similarly, the remainder of Plaintiffs' claims are based upon the allegation that Plaintiffs never entered into a mortgage agreement in 2004, and that the mortgage documents have been forged. These claims (Counts I-V and Count VI) fail for the same reason discussed in Part III, above. Alternatively, Plaintiffs' claims of fraud, misrepresentation, and civil conspiracy fail because Plaintiffs' do not plead their fraud claims with particularity, as required by Fed. R. Civ. P. 9(b). *Harvey v. Ameriquest Mort. Co.*, 2010 WL 4386976 (E.D. Mich. 2010) (Duggan, J.).

Finally, Plaintiffs' claim of intentional infliction of emotional distress (Count III) in its proposed second amended complaint fails because Plaintiffs do not allege any extreme or outrageous behavior on the part of Defendants. Under Michigan law, the essential elements of a claim of intentional infliction of emotional distress are: 1) extreme and outrageous conduct, 2) intent or recklessness, 3) causation, and 4) severe emotional distress. *Graham v. Ford*, 237 Mich.App. 670, 674 (2000); *Webster v. United Auto Workers, Local 51*, 394 F.3d 436, 442 (6th Cir. 2005). In ruling on such a claim, it is initially for the trial court to determine whether the

defendant's conduct reasonably may be regarded as so extreme and outrageous to permit recovery. *Webster*, 394 F.3d at 442. In this case, the Court cannot find any conduct on the part of Plaintiffs that can be reasonably considered extreme or outrageous.

Based upon the pleadings, Plaintiffs proposed second amended complaint also fails to state a claim to relief that is plausible on its face.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion for judgment on the pleadings on all counts and as to all Defendants (Doc. No. 11).

Accordingly, the Court **DENIES** both of Plaintiffs' motions to amend their complaint. (Doc. Nos. 19 & 23).

    **IT IS SO ORDERED.**


Dated: June 21, 2011                        s/ Sean F. Cox
                                                   U. S. District Court Judge


I hereby certify that on June 21, 2011, the foregoing document was served upon counsel of record by electronic means and upon Otto and Carlyn Roller by First Class Mail at the address below:

Otto and Carlyn Roller
19481 Avon
Detroit, MI 48219


Dated: June 21, 2011                        s/ Jennifer Hernandez
                                                   Case Manager